IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAEQUON ALLEN,

    Plaintiff,

v.

UNITED STATES OF AMERICA

OPINION and ORDER

17-cv-933-wmc
15-cr-67-wmc

Under 28 U.S.C. § 2255, plaintiff Raequon Allen moves to vacate a sentence imposed by this court on November 28, 2018. In particular, following remand, the court re-sentenced him to 108 months of imprisonment for committing a Hobbs Act robbery, 18 U.S.C. § 1951(a), and for brandishing a firearm during that crime, 18 U.S.C. § 924(c)(1)(A)(ii).

This matter is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to § 2255. Specifically, Rule 4 requires this court to evaluate whether the lawsuit crosses "some threshold of plausibility" before the government will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In conducting this review, the court has considered the substance of Allen's § 2255 petition and the materials from his underlying criminal conviction and re-sentencing in this court, as well as before the Court of Appeals for the Seventh Circuit. Since these materials do not suggest that he has a plausible claim for relief, it will be denied.

RELEVANT BACKGROUND

Raequon Allen originally pleaded guilty to robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and to brandishing a gun during that crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) on April 21, 2016. This court then sentenced him to a term of 36 months in prison for the Hobbs Act violation and to a consecutive, mandatory term of 84 months for the firearm offense. In landing on that sentence, the court noted that its sentence was constrained by the Seventh Circuit's decision in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), which had held that sentencing judges may not reduce the sentence for a predicate crime in consideration of the mandatory sentence for the § 924(c) offense. *Id.* at 436-37. On appeal, Allen challenged his firearm conviction, term of imprisonment, and various conditions of his supervised release. *See United States v. Allen*, No. 16-2950, slip op. at 1 (7th Cir. Aug. 21, 2017). On August 21, 2017, the Court of Appeals for the Seventh Circuit affirmed his firearm conviction, but vacated his sentence and remanded it back to this court for resentencing in light of the United States Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), which clarified that the court *may* consider the impact of the consecutive mandatory minimum sentence under § 924(c) when arriving at the overall sentence, effectively abrogating *Roberson*.

On remand, this court reduced the robbery sentence under the Hobbs Act by one year, for a total prison term of 108 months. Allen then appealed again, this time arguing that the same judge should not have conducted his resentencing hearing, and that this court should not have denied his motion for a second resentencing. Allen's appointed appellate attorney claimed that his appeals were frivolous and sought to withdraw under *Anders v. California*, 386 U.S. 738 (1967). On February 6, 2019, the Seventh Circuit

granted that motion, dismissing the appeal because: (1) the Seventh Circuit had expressly remanded Allen's case back to this court for resentencing in light of *Dean*, and the court properly exercised its discretion at resentencing; (2) Allen's 108-month sentence was within the calculated guidelines range and, thus, presumed reasonable; (3) Allen waived any challenge to the conditions of his supervised release; and (4) Allen's late-raised argument that his firearm conviction could not count as a crime of violence in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), failed because it is well-settled that his Hobbs Act robbery *is* a crime of violence under the elements clause of § 924(c)(3)(A). *Id.* at 2-3.

OPINION

In his motion, Allen seeks relief on four grounds: (1) his indictment and plea agreement did not set out all of the essential elements of the crimes, and thus were defective; (2) this court should not have resentenced him on November 28, 2017; (3) the Seventh Circuit's opinion misstated the charges to which he pleaded; and (4) his plea agreement did not waive his right to challenge constitutional violations. Additionally, Allen has recently filed a letter in which he seeks relief under the United States Supreme Court's recent decision in *United States v. Davis,* -- U.S. --, 139 S. Ct. 2319, 2019 WL 2570623 (June 24, 2019).

Relief under § 2255 "is reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), involving "errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). Moreover, section 2255 petitions are "neither a

3

recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Accordingly, a § 2255 motion cannot raise: (1) issues that were raised and decided on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). There are two exceptions regarding constitutional issues: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) if the court's refusal to consider the constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. *See Belford*, 975 F.2d at 313 (collecting authority); *see also McCleese*, 75 F.3d at 1177–78 (discussing fundamental miscarriage of justice).[1]

With the possible exception of relief under *Davis*, all of the grounds for relief set forth in Allen's § 2255 motion appear subject to immediate dismissal under these principles. For example, the Seventh Circuit already considered and rejected his second ground for relief challenging the fact that the same judge re-sentenced him. *See Allen*, No. 17-3525, slip op. at 3 ("It is standard practice for the sentencing judge to conduct any resentencing hearing also, except in certain circumstances not applicable here."). Additionally, Allen's challenges to the validity of his indictment and plea were not raised on direct appeal. Thus, those claims will be dismissed as procedurally defaulted unless

---

[1] An ineffective assistance of counsel claim may be brought in a § 2255 motion regardless of whether the claim was raised on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

4

Allen can show cause and prejudice or that a fundamental miscarriage of justice would result if the court declined to hear them. Given that Allen's only excuse for not raising these issues previously is that he was unaware of these arguments, it is equally apparent that he has defaulted on these claims. More importantly, Allen has not articulated *how* the phrasing of the indictment and plea agreement actually amounted to a constitutional violation or miscarriage of justice.

Similarly, while Allen asserts that the Seventh Circuit's opinion cited to the wrong statutory provisions under which he was indicted and pleaded guilty, Allen does not explain how that recitation of the procedural history of his criminal charges and plea makes any material difference to the court's ruling, much less amounts to a constitutional violation. In sum, Allen has not identified any basis upon which his November 28, 2017, resentencing amounted to a constitutional violation, so the court his request for relief under § 2255.

Finally, construing Allen's letters referencing the Supreme Court's *Davis* decision, as a request to amend his petition, that case offers him no relief. In *Davis*, the Supreme Court invalidated 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. 134 S.Ct. at 2336. Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm" is subject to a five-year statutory minimum consecutive sentence. 18 U.S.C. §§ 924(c)(1)(A)(ii) & (D)(ii). A "crime of violence" is defined as "an offense that is a felony and -- (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

5

§ 924(c)(3)(A) & (B). In *Davis*, the Court invalidated § 924(c)(3)(B), but left § 924(c)(3)(B) in-tact. Since Allen's Hobbs Act conviction involved the use, attempted use or threatened use of force, it falls under 924(c)(3)(A). As such, the *Davis* decision offers Allen no relief.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). For all the reasons just discussed, Allen has not made such a showing. Therefore, a certificate of appealability will not issue.

## ORDER

IT IS ORDERED that:

(1) Raequon Allen's petition under 28 U.S.C. § 2255 (dkt. #1) is DENIED.

(2) No certificate of appealability will issue.

Entered this 30th day of October, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge